STATE OF NEBRASKA, EX REL. SCHOOL DISTRICT OF OMAHA, PLAINTIFF IN ERROR, v. MAYOR AND COUNCIL OF THE CITY OF OMAHA, DEFENDANT IN ERROR.

**Taxes for School Purposes in Cities of the First Class.**
The "act relative to public schools in cities of the first class," does not confer power on the board of education to impose or levy and collect taxes for school purposes; its power is merely to report to the city council an estimate of the funds required for the ensuing fiscal year, and it is the duty of the city council to levy and collect the necessary amount of taxes for such school purposes, the same as other taxes.

ERROR to the district court for Douglas county. Heard before SAVAGE, J., who refused the application made by the relator for a mandamus to compel the defendant to levy certain taxes, according to an estimate made by the relator.

The motion was for a writ requiring the levy of eight mills, or of a rate which would raise the amount estimated to be necessary. The question presented was whether the city council had authority to revise and control this

estimate, and to determine for itself whether or not it was necessary to raise such amount; and whether it had a discretion to provide for a less amount than that estimated by the board.

*E. Wakeley*, for plaintiff in error.

*C. F. Manderson* and *John M. Thurston*, for defendant in error.

GANTT, CH. J.

This cause is brought here on error to the decision of the district court upon an application for a peremptory writ of mandamus.   The question raised in the case has reference to the proper construction of section 26 of the " act relative to public schools in cities of the first class."

In the interpretation of a statute, it is said that such construction ought to be put upon it as may best answer the intention which the makers had in view, and that this intention is sometimes to be collected from the act itself, and other acts *in pari materia*. Now if the act in question shall be tested by this rule, the intention of the makers of the statute, as to the powers and discretion of the city council in the levy and collection of taxes for school purposes, will perhaps be more satisfactorily ascertained.

Under the general school law of 1869, establishing a system of public instruction for the state, full power is given to each school district, or the qualified voters thereof, to " impose a tax on all the taxable property of the district," not exceeding ten mills on the dollar of the assessed value thereof, for building school-houses, and to " impose such tax as may be necessary to pay teachers, to keep the school-house in repair, and to provide the necessary appendages, and pay and discharge any debts or liabilities of the district lawfully incurred."

And between the first and third Mondays in June, in each year, the board is authorized to " make out and deliver to the county clerk " of the county in which the district is situated, a report in writing of all the taxes so imposed " to be levied on all the taxable property of the district, and to be collected by the county treasurer at the time and in the same manner as state and county taxes are collected."   And if the qualified voters of the district fail to determine these matters, then it is made the duty of the district board to determine the same.   Gen. Stat., 966, 967.   Here the power to determine the amount of tax required, and to impose the same on all taxable property of the district, is vested in the school district, or qualified voters thereof, and if they fail to attend to this matter, then the power is vested in the district board; and the county clerk simply performs a ministerial duty in extending the tax so imposed upon the tax list to be collected by the county treasurer.

But the act of February 6, 1873, " relative to public schools in cities of the first class," by section four provides:  " That the affairs of the school district hereby created shall be conducted exclusively by boards of education, *except as otherwise provided by this act*."   This section contains a summary of the powers of the board of education, subject, however, to the limitations which may be imposed on its exercise of power; and section twenty-six seems clearly to come within the exceptions, for it only provides:   " That the board of education shall annually, during the month of June, report to the city council an estimate of the amount of funds " required for all the different school purposes for the fiscal year next ensuing, and then authorizes and requires the city council " to levy and collect the necessary amount the same as other taxes."   Gen. Stat., 987.   The power of the board is merely to report an estimate of the funds required; it has no power to impose a tax, or to

levy and collect a tax for school purposes; on the contrary, the power to impose the tax necessary for such purposes, and to levy and collect the same, is vested in the city council.

From a comparison of the language employed in the two acts it seems clear that this difference of grant of power to the two school boards, or districts, was intentional; and the wisdom and the policy of the law in this respect are for legislative consideration, and not for the courts to determine. Finding no error in the judgment of the court below, the same is affirmed.

JUDGMENT AFFIRMED.